O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA ANNE GUERRA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>　　　　Defendant. | CASE NO. ED CV 08-01274 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Melissa Anne Guerra, a young woman with a cervical disk problem, raises three issues concerning the Commissioner's rejection of her disability claim. She asserts that the Commissioner misstated the medical evidence; that the Commissioner gave insufficient reasons for rejecting her subjective complaints; and that the vocational expert's testimony was inadequate to justify the conclusion that there were sufficient jobs in the economy which Plaintiff could perform. The Court agrees with the second argument.

　　　　The first of these arguments puzzles the Court. Plaintiff does not explain the import of the supposed misstatement of the medical evidence. Thus, for example, Plaintiff does not explain how any evidence, properly stated, would show that she had some impairment which the Administrative Law Judge did not find, or that she had a severe impairment where the Administrative Law Judge found a non-severe one, or that she had a different residual capacity from that found by the Administrative Law Judge. It is not

helpful simply to disagree over the characterization of the medical evidence, without tethering the disagreement to one of the ultimate facts found by the Administrative Law Judge under the five-step sequential evaluation. Plaintiff has not carried her burden of showing error by the Administrative Law Judge by virtue of a supposed misstatement of the medical evidence.

Plaintiff's second argument stands on a different footing. Invoking well-known authority from within the Ninth Circuit, Plaintiff asserts that the Administrative Law Judge wrongly discounted her claims of pain. That familiar law provides that when a claimant has an impairment which reasonably could be expected to lead to pain, the claimant's subjective recounting of the extent of the pain cannot be discredited without specific and articulated reasons. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). Certainly a cervical disk problem, significant enough to require surgery, can be expected to produce pain. Therefore the Administrative Law Judge had to give some good reasons for not believing Plaintiff's assertions as to the level of such pain.

In attempting to fulfill this obligation, the Administrative Law Judge said that there was no evidence corroborating Plaintiff's statement that she suffered pain for nearly a year prior to the surgery. [AR 14] The Court is not sure what kind of evidence the Administrative Law Judge was seeking; Plaintiff testified to this pain and its duration , and she complained of it to various medical professionals during the time period. Thus, she clearly was on record during the time as complaining of pain. As for corroboration, it is unclear what the Administrative Law Judge could mean; it is the very nature of pain that it is idiosyncratic, affecting different people in different ways, and not necessarily obvious to third parties or subject to corroboration. This is why the case law requires that the Commissioner have good reason for disbelieving a claimant who asserts that she is experiencing pain. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Obviously there was a demonstrated need for surgery, itself an indicator that Plaintiff's pain was pretty significant.

The Administrative Law Judge also referenced a function report prepared by Plaintiff on August 1, 2006, before her surgery, and stated that the report "reveals that she was taking care of her own personal hygiene, caring for seven of her ten children including cooking, grocery shopping, and driving, and taking medications 'rarely' and wearing a neck brace 'when needed.'" [AR 14, citing Exh. 4E] These statements are bits and pieces of the report which, when fully viewed, does not give a basis for disbelieving Plaintiff. For example, as to caring for her hygiene, Plaintiff responded to questions about dressing and bathing by saying "No problem *if done slowly*." [AR 124 (emphasis added).] As for caring for her children, she said that she did so "with help from teenage children, as needed," and that "[t]eenagers play with son and help carry him when I am in pain." [*Id*.] As for grocery shopping, Plaintiff stated in the report that she only goes about once every two weeks, and that her son accompanies her to load groceries onto the cart and into the car." [AR 126] As for the medication and the neck brace, Plaintiff did say that she rarely takes medication, but added "only when pain is extreme," [AR 125] and made a similar statement with respect to the wearing of the neck brace. [AR 129] When read in full, then, the function report does not impeach Plaintiff's testimony about the length of time that she suffered pain, at least not in the way that the Administrative Law Judge implied; in fact it supports Plaintiff's claim.

The Administrative Law Judge also found that there was no evidence that corroborates Plaintiff's assertion that she continues to experience pain. He stated that there was no evidence that she is currently prescribed narcotic pain medication, no evidence to corroborate her testimony that a two-week work attempt in November 2007 caused significant pain, and that Plaintiff's ability to function was "presumed" to have improved as a result of her surgery. [AR , 13, 14] Each of these reasons also was insufficient for disbelieving Plaintiff.

The last of these statements is most curious. One may hope for functional improvement as a result of surgery, but there are plenty of surgeries which do not generate the anticipated improvement. The fact of surgery, even medically successful surgery,

therefore cannot create a presumption, or legally accepted evidence, that functional improvement in fact occurred. Having had surgery cannot provide a basis for disbelieving a Plaintiff who says that, *despite* having had surgery, she still suffers pain.

The other bases for disbelieving Plaintiff also are not strong. The Administrative Law Judge stated that there is no evidence that Plaintiff currently is prescribed narcotic medication. This is not so clear. Thus, when discharged after her surgery, she was "given adequate pain medication" [AR 214] and there are some reports from which it might be inferred that she was prescribed pain medication [*e.g.*, AR 146]. Certainly at earlier times she *was* prescribed narcotic medication. [AR 233] The evidence on this point therefore simply is not strong enough to engender disbelief in Plaintiff's testimony.

Nor is it a sufficient reason to state that there is no corroboration of Plaintiff's testimony that she could not endure a return to work in November 2007 because of pain. Generally, a claimant would not need to provide corroboration for her testimony, and there was no challenge to her testimony at the hearing to suggest it was needed here. To say that the absence of corroboration impeaches the testimony is the same as saying that the testimony simply was not believed. But the question is *why* was it not believed, and that cannot be established simply by saying that no one else said the same thing. The Administrative Law Judge did not identify any evidence that was contrary to Plaintiff's testimony, such that the testimony could have been called into question. In context, then, the reason the Administrative Law Judge did not believe Plaintiff was simply that he did not believe her. That is not enough.

///
///
///
///
///

1    These errors in connection with Plaintiff's testimony as to her pain require a
2 remand.  In light of that fact, the Court need not address the argument concerning the
3 vocational expert.  On remand, the Administrative Law Judge also will have the
4 opportunity to review records which were submitted after the deadline imposed at the last
5 hearing.

7    DATED: May 11, 2009

                                    _____
                                          RALPH ZAREFSKY
                                    UNITED STATES MAGISTRATE JUDGE